IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| TAMMIE MORRIS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:21-cv-01243-O-BP |
| § | |
| COMMISSIONER OF § | |
| SOCIAL SECURITY, § | |
| § | |
| Defendant. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are Plaintiff's Application for Attorneys' Fees and Costs Under the Equal Access to Justice Act filed January 5, 2023 and Defendant's Response to Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act filed January 10, 2023. ECF Nos. 21 and 23, respectively. By Order dated January 6, 2023, United States District Judge Reed O'Connor referred the Application and all related responses, replies, briefs in support, appendices, etc. to the undersigned. ECF No. 22. After reviewing the Application, Response, and applicable legal authorities, noting that Defendant does not oppose the Application, and for good cause shown, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** the Application.

The Court finds that Plaintiff, Tammie Morris, was the prevailing party in this case. The Court further finds, pursuant to 28 U.S.C. § 2412(d)(2)(A), that the appropriate hourly rate at which to award attorney fees in this case is $211.80 for service performed in 2021 and $226.70 per hour for service performed in 2022 and 2023, and the appropriate hourly rate for legal assistant services is $100 per hour. The Court further finds that Plaintiff is entitled to attorney fees for compensation

of 4.65 hours of service performed in 2021, 30.85 hours of service performed in 2022 and 2023, and for 5.35 hours of legal assistant service. The total amount of attorney and legal assistant fees to which Morris is entitled is $8,513.56. Additionally, the Court finds that Morris is entitled to reimbursement of the court filing fee of $402.00, payable from the Judgment Fund by the Department of the Treasury under 31 U.S.C. § 1304.

Accordingly, the undersigned **RECOMMENDS** that Defendant be **ORDERED** to pay Plaintiff Tammie Morris and mail to her attorney, Frederick J. Daley, Jr., Dailey Disability Law, P.C., 4256 Ravenswood Ave., Suite 104, Chicago, IL 60613, attorney fees under the Equal Access to Justice Act in the total amount of $8,513.56 for 4.65 hours of service performed in 2021, 30.85 hours of service performed in 2022 and 2023, and for 5.35 hours of legal assistant service. Plaintiff also is entitled to receive reimbursement of the court filing fee in the amount of $402.00, payable from the Judgment Fund by the Department of the Treasury under 31 U.S.C. § 1304.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except

upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    **SIGNED** on January 12, 2023.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

3